IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANTHONY KEVIN COLLINS,**

    **Plaintiff,**

vs.                                                    Case No. 4:06cv397-SPM/WCS

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this civil rights action by filing a civil rights complaint in August, 2006, in the Middle District of Florida. Doc. 1. The case was transferred to this District on August 31, 2006. Doc. 6. Plaintiff's motion seeking leave to proceed *in forma pauperis*, which was filed in the Middle District, was not addressed prior to transfer. The motion has been granted in a separate order entered this date. Thus, the complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's complaint concerns events which transpired in June, 2006, while Plaintiff was incarcerated at Wakulla Correctional Institution. Plaintiff asserts that he had injured his back and was given a "lay-in" pass. Doc. 1. Defendant Billington, a correctional officer, ordered Plaintiff to get off his bunk and help move bunks away from the walls for cleaning. Plaintiff refused because of his back injury, and contends

Defendant Billington would not allow him to speak with her supervisor. *Id.* Plaintiff further claims that Defendant Billington would not let him get his legal mail, send out legal mail, or speak to the Captain. Defendant Billington yelled at Plaintiff and issued him a disciplinary report.[1] *Id.* Defendant Billington then stored all of Plaintiff's legal work, and because he had been sent to administrative confinement for the disciplinary report, would not let him have the legal papers he requested. *Id.*

Plaintiff was subsequently found guilty of the infraction charged in the disciplinary report, but claims it was a bogus report, issued out of retaliation by Defendant Billington because Plaintiff challenged "her authority." *Id.* Plaintiff filed several challenges to the disciplinary report and the team's finding of guilty, which were all denied. Plaintiff seeks monetary damages for his "pain and suffering," and injunctive relief by way of an order transferring him to a "safe" Correctional Institution. Plaintiff alleges a violation of his Eighth Amendment rights for cruel and unusual punishment, a denial of due process, equal protection, reprisal, and negligence. *Id.*

Plaintiff attempted to file an emergency grievance directly to the Office of the Secretary in which he asserted that he was being retaliated against by Defendant Billington. That grievance was "not accepted as a grievance of a sensitive nature" and was returned without action. Plaintiff also filed several grievances at the institution level challenging the disciplinary report and related events. Plaintiff has not submitted any

---

[1] The attachments to Plaintiff's complaint indicate he was charged with disorderly conduct for refusing to obey a direct order. Doc. 1. The disciplinary team's findings state that Plaintiff was given the report because Defendant Billington was attempting to counsel Plaintiff through the "flap," but Plaintiff became "loud, belligerant [sic] and very argumentative." Doc. 1, attachment. Defendant Billington gave Plaintiff a direct order to "be quiet and calm down" but he continued his loud conduct. *Id.*

evidence of having completed the grievance process, however, because he did not appeal the denial of his grievances to the Secretary.

This action must be dismissed pursuant to 42 U.S.C. § 1997e(a) which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement of § 1997e(a) is mandatory, and there is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). Failure to exhaust available administrative remedies is the functional equivalent of failing to state a claim, and thus should be counted as a strike under 28 U.S.C. § 1915(g). See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998) (stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

Here, Plaintiff has not demonstrated completion of the Department of Corrections' grievance process. Plaintiff acknowledges on the complaint form that he did not file an appeal to the Office of the Secretary. Accordingly, Plaintiff's complaint must be dismissed under § 1997 for failing to state a claim upon which relief may be granted.

Another reason for dismissal of this case is that Plaintiff seeks damages for a claim that is intertwined with a disciplinary report he received for disorderly conduct. Plaintiff lost thirty days gain time as a result of that report, which has not been reversed on invalidated. Therefore, even if Plaintiff had completed the grievance process, any relief which *might* be possible to Plaintiff on his claims would necessarily interfere with the forfeiture of gain time given as punishment for the disciplinary report. A civil rights action cannot be used to seek the restoration of gain time and relief which relates to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Id*. Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen. *Id.* at 2373. The rule of Heck has been extended explicitly to the prison setting. See Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (holding: that prisoner's § 1983 claim which necessarily implied invalidity of good-time credits was not cognizable under §1983). Plaintiff may not collaterally attack

his disciplinary report in this civil rights case because they would "necessarily imply the invalidity" of his conviction on the disciplinary report. The complaint must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 6, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2006.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**